UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER L. JOHNSON,

     Plaintiff,

v.

FEDERAL EXPRESS
CORPORATION, *et al.*,

     Defendants.

_____/

Case No. 25-11682

F. Kay Behm
United States District Judge

Kimberly G. Altman
U.S. Magistrate Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS (ECF No. 23), AND ACCEPTING AND ADOPTING
THE MAGISTRATE JUDGE'S MAY 4, 2026 REPORT AND
<u>RECOMMENDATION (ECF No. 22)</u>**

This is an employment discrimination case.  Plaintiff Christopher L. Johnson, proceeding *pro se*, brings this action against his former employer, Federal Express Corporation ("FedEx"), under Title VII of the Civil Rights Act, the Family Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and the Age Discrimination in Employment Act (ADEA).  ECF No. 9 (Amended Complaint).  FedEx filed a motion to dismiss the complaint in its entirety (ECF No. 18), to which Johnson filed a response (ECF No. 21).

1

Currently before the court is the Magistrate Judge's report and recommendation following that motion to dismiss (ECF No. 22), to which Plaintiff objected (ECF No. 23), and Defendant FedEx responded (ECF No. 24).  The time for Plaintiff to file a reply has expired.  *See* Fed. R. Civ. P. 6(d); E.D. Mich. Local Rule 72.1(d)(4).  For the reasons explained below, the court overrules Plaintiff's objections, accepts and adopts the report and recommendation, and accordingly grants the motion to dismiss in part and dismisses Plaintiff's termination-related claims.  His claims for failure to promote under Title VII, the ADA, and the ADEA survive, as does his claim for FMLA retaliation.

## I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The court adopts the facts as the Magistrate Judge described them.  ECF No. 22, PageID.109-10, 114-19.  To summarize, Plaintiff explains that he is "an African American male over 40 with a reasonable accommodation for vision issues (bright light aversion – sunglasses required)," and experienced several different allegedly unlawful or wrongful actions.  ECF No. 22, PageID.109.  In March or April 2021, he alleges he was passed over for a promotional opportunity after a work-related injury.  *Id.*  He was not paid lost wages during his

injury-related leave, but he later recovered those wages after a lawsuit of some kind. *Id.* at 109-10. In August 2021, he was denied a promotion while two employees of less skill and experience were chosen. *Id.* at 110. In September 2021, Johnson applied for a promotion but was not offered an interview, while three younger and much less experienced Caucasian males were interviewed. Johnson says that his promotional opportunities were "mysteriously never spoken of again" after his work injury. ECF No. 9, PageID.27-28. And finally, after these events, and also in response to a "bogus" (his words) report from a female employee, he was terminated for misconduct. *Id.* Neither party has offered more detail on the misconduct report at this stage.

In response to these events, Plaintiff filed two different charges with the Michigan Department of Civil Rights (MDCR) and Equal Employment Opportunity Commission (EEOC). The first was MDCR Charge 620488, which was dual filed as EEOC Charge No. 23A-2022-00244 (for brevity, the court will refer to these jointly as "Charge 488/244") on January 22, 2022. Charge 488/244 specifically alleged failure to promote as the basis for discrimination and retaliation claims. ECF No. 18-2, PageID.83. The EEOC issued a right to sue letter as to

3

that charge, which is digitally signed March 6, 2025.  ECF No. 23-1, PageID.122.

The second was MDCR Charge 626719, dual filed as EEOC Charge No. 23A-2024-00448 on October 5, 2022 (for brevity, the court refers to these jointly as Charge 719/448).  That charge specifically was based on Johnson's allegedly unlawful termination.  ECF No. 18-3, PageID.90.  That charge was dismissed on September 20, 2024, and the EEOC issued a right to sue letter that same day.  ECF No. 18-5, PageID.96.  Receipt is presumed five days after issuance.  *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

Plaintiff filed this suit on June 5, 2025 (ECF No. 1), which was within 90 days of the right-to-sue letter issued on or after March 6, 2025 (Charge 488/244) but was not within 90 days of the right-to-sue letter issued on September 20, 2024 (Charge 719/448).  Title VII specifies that a plaintiff must file an action in federal or state court within 90 days after receiving a Notice to Sue from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1).  The 90-day filing deadline acts as a statute of limitations.  *Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007)

("Once the administrative agency notifies the plaintiff of the dismissal of the charge by issuing a right to sue letter, the plaintiff has 90 days to file a civil action."); *Gui v. Inkster Sch. Dists.*, No. 12-15654, 2013 U.S. Dist. LEXIS 43134, 2013 WL 1282020, at *3 (E.D. Mich. Mar. 27, 2013) ("Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred."). Federal courts "strictly enforce[]" Title VII's ninety-day statutory limit. *Graham-Humphreys*, 209 F.3d at 557.

Defendant moved to dismiss all of the Title VII, ADA, and ADEA claims on timeliness grounds. ECF No. 18, PageID.70-72. The Magistrate Judge recommends dismissal of the termination-related claims from Charge 719/448 as time-barred, but not the failure to promote claims from Charge 488/244 because they are timely. ECF No. 22, PageID.115-16. Defendant also moved to dismiss the FMLA claim for failure to state a claim. ECF No. 18, PageID.72-73. The Magistrate Judge further recommended that Plaintiff's FMLA interference claim be dismissed, but liberally construed a FMLA retaliation claim to have been pleaded, and recommended that claim not be dismissed because Defendant did not address that claim in their motion. ECF No. 22, PageID.118-19.

## II.   STANDARD OF REVIEW

### A.   Objections

On objections to a dispositive motion, *de novo* review generally applies.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  The district court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  However, objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Instead, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  The objections must be specific enough that the court

6

can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.   And the "failure to object" entirely "to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

### B.     Motions to Dismiss

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the nonmoving party and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003).  The complaint must provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In reviewing complaints from pro se litigants, district courts must liberally construe their pleadings.  *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  However, "[t]he leniency granted to pro se [plaintiffs] ... is

not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). "The complaint still must plead facts sufficient to show a redressable legal wrong has been committed." *Beebe v. Birkett*, 749 F. Supp. 2d 580, 587 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 12(b)); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). In general, when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court's review is limited to the four corners of the pleading at issue. Fed. R. Civ. P 12(d); *see also Courser v. Michigan House of Representatives*, 404 F. Supp. 3d 1125, 1139 (W.D. Mich. 2019) (citing *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011)) (noting that "[i]n general, in deciding a Rule 12(b)(6) motion to dismiss the court is limited to considering only the pleadings"). Nonetheless, it is well established that, in some circumstances, a court may consider matters beyond the pleadings without converting the motion to one for summary judgment under Rule 56. Examples include "any exhibits attached [to the Complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430

8

(6th Cir. 2008).  While a court generally should not consider matters outside the pleadings without converting a Rule 12(b)(6) motion to a summary judgment motion, "if a plaintiff fails to attach an instrument upon which he relies, the defendant may introduce the pertinent exhibit." *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 720-721 (E.D. Mich. 2003).

## III.   ANALYSIS

The court starts with two preliminary points, and then turns to Plaintiff's objections.

### A.     Findings Without Objection

First, the court first notes a matter that went without objection. The Magistrate Judge found that:

> [r]egarding a claim of FMLA interference, FedEx is correct that Johnson does not allege that he was entitled to take leave, that he notified FedEx of his intent, and that he was then denied benefits to which he was entitled.  Therefore, Johnson's claim of FMLA interference should be dismissed insofar as his complaint can be construed as bringing this claim. . . .

> [However,] Johnson's complaint can also be liberally construed as bringing a claim of FMLA retaliation based on his statement that his termination "easily fit[s] the criteria for Retaliation" and FedEx's failure to promote him

> was "mysteriously never spoken of again after a work injury which took place April 27, 2021." (ECF No. 9, PageID.27-28).  FedEx does not address this claim, which is more clearly raised than the interference claim, and it therefore should not be dismissed.

ECF No. 22, PageID.118.

Because neither party objected to these findings, the court accepts and adopts that portion of the report and recommendation without further review.  Although Plaintiff filed objections, his objections did not clearly address the FMLA issue and so did not meet his burden to identify that specific portion of the R&R and the reasons why that finding was improper.  *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).

## B.    Exhibits Attached to Defendant's Motion

Second, documents introduced by a defendant that were not attached to the complaint are ordinarily considered matters outside the pleadings, and therefore an issue better suited for the summary judgment framework.  *See Bushong v. Del. City Sch. Dist.*, 851 F. App'x 541, 545 (6th Cir. 2021).  However, documents introduced by a defendant may be considered on a motion to dismiss, without converting

the motion to one for summary judgment, if they are "referred to in the plaintiff's complaint" and "are central to the plaintiff's claims." *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).  Plaintiff referred to both sets of charges in his complaint, citing their MDCR numbers (ECF No. 9, PageID.30), and they are central to his claims in that their timeliness is a potentially dispositive matter at issue on this motion.  So these documents may properly be considered without converting the matter to a motion for summary judgment.

### C.   Objections Regarding Discrimination Charges

Plaintiff filed objections to the report and recommendation.  ECF No. 23.  In full, they read:

> Objection No. 1.  There is clear confusion around the timing of the Right To Sue.  According to The Report & Recommendations, the September 20, 2024 EEOC letter issued related to Charge 448 regarding my March 2022 Termination, then it stands to reason that the New Letter Dated 03/06/25 is in fact the combined 1 docket condensation and supersedes all previous EEOC communications.

> Objection No. 2.  On June 5, 2026, I did walk into the Clerk's Office of The United States District Court For the Eastern District of Michigan and present my 03/06/25 EEOC "Right to Sue" letter at which time the clerk made copies of my paperwork and gave me a case number.  As I am

> not employed by the Clerk's office in the Court, I
> had no way of knowing that my Right to Sue
> Letter was **not** included in the court's filing.
> Enclosed you will find a copy of that letter
> Marked Exhibit A.  I ask that this document be
> admitted as I would not have been able to file
> without it.

The court addresses these in turn.

### 1.    Objection 1

Plaintiff's first objection appears to be essentially that his EEOC charges merged, and the expiration of his right to sue for Charge 719/448 was superseded by the later issuance of the right to sue on Charge 488/244.  Defendant responds that it agrees with the R&R that the claims under Charge 719/448 should be dismissed as untimely.  ECF No. 24, PageID.124.  On an initial search, the court did not locate any authority for the proposition that the 90-day filing deadline for separately-filed EEOC charges can merge in the manner Plaintiff suggests.  While the court must construe his pleadings liberally, it is "not the court's role to clarify or construct arguments or evidence in support of a pro se litigant's claims."  *Burley v. Williams-Ward*, No. 18-12239, 2022 LX 77160, at *3 (E.D. Mich. Dec. 1, 2022); *cf. United States v. Huntington Nat'l Bank*, 574 F.3d 329, 332 (6th Cir. 2009) ("To

preserve [an] argument . . . the litigant not only must identify the issue but also must provide some minimal level of argumentation in support of it.").[1]  The right to sue notice issued in March 2025 refers only to EEOC Charge 23A-2022-00244 (Charge 488/244, relating to his failure

---

[1] Meanwhile, the authority the court *did* locate suggests that, while in general, any claims that are "reasonably related" to the EEOC charge can be brought in a later-filed lawsuit, "reasonably related" should not encompass specific claims brought in a separate EEOC charge and for which the plaintiff missed the 90-day filing deadline.  *See Adams v. Tenn. Dep't of Fin. & Admin.*, 179 F. App'x 266, 271 (6th Cir. 2006) ("any claims of discrimination advanced in Adams' June 2002 EEOC charge were time-barred. . . . Adams['] subsequent filing with the EEOC in November 2002 did not revive the claims of racial discrimination addressed in the first EEOC complaint.") (citation omitted); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222-23 (8th Cir. 1994) (noting that generally claims that are "reasonably related" to those brought in an EEOC complaint can be brought as part of a Title VII complaint, but refusing to apply "reasonably related" status to claims brought in a prior EEOC charge); *see also Frazier v. Vilsack*, 419 F. App'x 686, 690 (8th Cir. 2011) ("a right to sue letter within the time period allowed under Title VII is barred from ever bringing a federal claim related to that EEOC charge even if a subsequent EEOC charge and right to sue letter reference the earlier acts."); *Parchment v. Emory Healthcare, Inc.*, No. 1:25-cv-7367, 2026 LX 270347, at *14 n.2 (N.D. Ga. May 14, 2026) ("Parchment's Second Charge, . . . could not revive claims relating to the [earlier] events because the EEOC did not revoke its first right-to-sue letter for these claims when it issued its right-to-sue letter regarding the Second Charge."); *Brown v. Chrysler Grp. LLC*, No. 13-cv-13194, 2014 U.S. Dist. LEXIS 173246, at *10-11 (E.D. Mich. Dec. 16, 2014) ("Plaintiffs may not revive otherwise time-barred discrimination claims arising from the same event by filing a subsequent EEOC charge.") (citing *Adams*, 179 F. App'x at 271).  The staggered timing of Johnson's right to sue notices is different from those cases; Johnson filed his termination charge after his failure to promote charge, but apparently received the right to sue on the termination charges first.  He is not seeking to revive earlier claims; he seeks instead to revive claims that arose later. But the principles in these cases still logically apply here; Johnson's termination was a distinct claim from his earlier failure to promote claims, the right to sue notice for his termination-related charges put Johnson on notice of his deadline to file suit related to those claims, and the EEOC did not purport to revoke its first right-to-sue letter when it issued the right-to-sue regarding the failure to promote charges.

to promote claims), and does not by its terms purport to merge with or override the earlier right-to-sue letter regarding Charge 719/448. ECF No. 23-1, PageID.122. Absent authority for the proposition Plaintiff suggests, his objection is overruled, and the court adopts the Magistrate Judge's recommended disposition of his termination-related claims.

### 2. Objection 2

Plaintiff's second objection appears to merely argue that the right to sue letter he attaches to his objection should be added to his complaint. Defendant responds by arguing that it was Plaintiff's responsibility to attach this to his complaint, and that it should not be admitted. ECF No. 24, PageID.124. But "[e]xhaustion of administrative remedies is an affirmative defense on which a defendant bears the ultimate burden of proof." *Bushong v. Del. City Sch. Dist.*, 851 F. App'x 541, 545 (6th Cir. 2021) (cleaned up). Plaintiff did not have to affirmatively set out facts in his complaint to rebut this affirmative defense or attach his EEOC charge to his complaint. *VCST Int'l B.V. v. Borgwarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025); *Williams v. Ford Motor Co.*, No. 25-cv-11858, 2026 LX 200968, at *17 (E.D. Mich. May 6, 2026). So the point is irrelevant; Plaintiff did

not have to attach the charge, but he did reference it, it therefore may be properly considered at this stage regardless of which party introduced the exhibit, and on the merits Defendant admits that it does not bar his failure to promote claims: "Plaintiff's failure to promote claims should not be dismissed as untimely."  ECF No. 24, PageID.124.

## IV.  CONCLUSION

For the reasons explained above, the court **OVERRULES** Plaintiff's objections (ECF No. 23), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's May 4, 2026 Report and Recommendation (ECF No. 22).  The court therefore **GRANTS** the motion to dismiss (ECF No. 18) **IN PART**, such that Plaintiff's claims based on Charge 719/448 and FMLA interference are **DISMISSED**.  His claims arising from Charge 488/244 and for FMLA retaliation remain.  This is not a final order and does not close the case.

**SO ORDERED**.

Date: June 9, 2026                    s/F. Kay Behm
                                      F. Kay Behm
                                      United States District Judge

15